IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOE EVERISTO GURULE,

      Petitioner,

v.                                                               No. CIV 02-1326 MCA/LFG

TIM LeMASTER, et al.,

      Respondents.

## MAGISTRATE JUDGE'S FINDINGS
## AND RECOMMENDED DISPOSITION[1]

### Findings

1.      This is a proceeding on Joe Everisto Gurule's ("Gurule's") application for writ of habeas corpus under 28 U.S.C. § 2254, filed October 21, 2001. [Doc. 1]. Respondents filed an Answer [Doc. 10] on November 27, 2002, and a separate Motion to Dismiss, with accompanying Memorandum [Docs. 11 and 12] on the same day. Gurule did not file a response to the Motion to Dismiss. He is currently confined at the New Mexico State Penitentiary in Santa Fe, New Mexico.

2.      On September 8, 2001, Gurule was indicted in two separate indictments. The first indictment charged Gurule with abandonment or abuse of a child, possession of heroin, possession

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

1

of cocaine and contributing to the delinquency of a minor. The second indictment charged him with contributing to the delinquency of a minor, burglary, larceny, and receiving stolen property. [Doc. 10, Ex. C, p. 2.] Both actions were consolidated for trial in the First Judicial District, County of Rio Arriba, State of New Mexico. On October 23, 2001, a jury convicted Gurule of two counts of contributing to the delinquency of a minor, abandonment or abuse of a child, and possession of heroin. He was acquitted of residential burglary, larceny, receiving stolen property and possession of cocaine. [Id.; and Ex. A.] Gurule was sentenced to a 20 ½ year period of incarceration, to be run consecutively with the 23 year sentence he was presently serving for another conviction. [Doc. 10, Ex. A, p. 5.]

3. Gurule presents two grounds for federal habeas review: (1) insufficiency of evidence for the conviction for possession of heroin; and (2) erroneous jury instructions with respect to the convictions for contributing to the delinquency of a minor and abandonment or abuse of a child. Respondents concede as they must that Gurule has exhausted his claims by direct appeal and petition for writ of certiorari in State Court. [Doc. 10.] In the Motion to Dismiss, Respondents argue that because both claims were raised on direct appeal and rejected, Gurule's habeas petition should be summarily denied and dismissed, with prejudice.

**Procedural Background**

4. The facts of this case are taken from Gurule's memorandum in opposition to the New Mexico Court of Appeals proposed summary affirmance. [Doc. 10, Ex. G.]

> Both charges of contributing to the delinquency of a minor involved the same child, Monique Tapia, a sixteen-year-old runaway who was in a relationship with co-defendant, Solomon Ramirez. (D.S.3) At trial, Monique testified that she and Mr. Ramirez were boyfriend and girlfriend (D.S. 3). She further testified that Joe Gurule gave her

2

>drugs, but she had no idea what drugs he had given her. (D.S. 3). She testified that, although she did not know what heroin looked like, she thought Joe Gurule and Solomon Ramirez were using heroin. (D.S. 3). She testified that she "was not stupid" and knew what they were doing in the back room of the home. (D.S. 4). She also stated that he made sexual overtures to her. (D.S. 3).
>
>Monique testified that Joe had tried to make her leave Mr. Ramirez and even went so far as to take her to her mother's home, but no one was home and Joe Gurule did not want to leave her by herself, unprotected, so Joe and Monique returned to his home, where Mr. Ramirez also lived. (D.S. 3). Mr. Ramirez later found Monique. (D.S. 3). Throughout Monique's testimony, it was established that Joe Gurule was simply attempting to help Monique get out of his home and away from an abusive, dope-crazed relationship with Mr. Ramirez. (D.S. 3). Deanna Martinez, Joe Gurule's girlfriend, was also present during this time. (D.S. 3). Ms. Martinez was tried on charges of contributing to the delinquency of a minor, abandonment or abuse of a child and possession of both heroin and cocaine, but was acquitted. (D.S. 3).
>
>Aside from Monique's testimony, the only evidence of drug possession was elicited from co-defendant Solomon Ramirez, who was called to testify by Deanna Martinez. (D.S. 3). Mr. Ramirez testified that he and Joe used heroin. (D.S. 3). There was never any mention of cocaine use. (D.S. 3). There was no testimony about drugs from a toxicologist, nor were any drugs recovered from Joe Gurule or his home. (D.S. 3). The police did not mention drugs. (D.S. 3). Joe Gurule did not take the stand. . . .

[Doc. 10, Ex. G, pp. 1-2.]

  5. In his direct appeal, Gurule presented the same issues that are set forth in his federal habeas petition. Gurule argued that there was insufficient evidence to support the conviction of possession of heroin because the evidence did not show that he had heroin in his possession or that he knew or believed it to be heroin. [Doc. 10, Ex. G, p. 4.] Moreover, Monique's testimony was insufficient to support the conviction because she testified that she did not know what Gurule had given her, had never seen heroin and merely assumed that Gurule and co-defendant Ramirez were

3

using heroin. Gurule further asserted that Ramirez's testimony that both he and Gurule used heroin could not be considered reliable.

      6.      As to the second claim regarding jury instruction error, the New Mexico Court of Appeals summarized Gurule's position as follows: "whether the trial court erred by combining the contributing to the delinquency of a minor charges in two separate indictments into one instruction with an alternative within the instruction; and [] whether the trial court erred in giving Instruction 11, on abuse or abandonment of the Child, which contained two theories of guilt and provided two alternative elements instructions." [Doc. 10, Ex. H.]

      7.      On May 8, 2002, the Court of Appeals issued a Notice of Proposed Summary Disposition, proposing to affirm the trial court on the claims raised. [Doc. 10, Ex. F.] On May 21, 2002, Gurule, through a Public Defender attorney, filed a brief opposing the Court's proposed affirmance. [Doc. 10, Ex. G.]

      8.      On August 6, 2002, the Court of Appeals entered a Memorandum Opinion affirming the trial court, noting that Gurule's opposition had not convinced it otherwise. With respect to the sufficiency of the evidence claim, the Court discussed Monique's testimony that Gurule had given her drugs and that Gurule and Ramirez were taking heroin. In addition, Ramirez's testimony was that he and Gurule were "doing heroin." [Doc. 10, Ex. H, p. 2.] Based on this evidence, the Court reasoned that a jury could reasonably infer that Gurule was in possession of heroin and knew it to be heroin. Such evidence constituted "substantial evidence" to support the jury's decision to convict Gurule of possession of heroin.

      9.      With respect to the alleged jury instruction error, the Court of Appeals evaluated the adequacy of the instruction in the context of all instructions given. The Court first rejected Gurule's

claim that alternative theories of guilt should not have been given in several of the instructions. Based on the circumstances of the case, the evidence presented, and in light of all the jury instructions, the Court concluded it was not legally incorrect or confusing for the jury to be instructed in the alternative in the pertinent instructions. The Court further noted that the jury was carefully instructed to consider the elements of each charge with regard to each of the defendants, and that each of the instructions clearly spelled out whether it was applicable to different charges against Gurule. Finally, the Court of Appeals found that the jury instructions accurately presented the relevant applicable law for the jury to consider in determining whether to convict Gurule of the charges at issue. Thus, the Court affirmed the trial court on the issue of jury instructions.

10. On August 15, 2002, Gurule filed a Petition for Writ of Certiorari raising essentially the same arguments that were considered by the Court of Appeals. [Doc. 10, Ex. I.] On September 9, 2002, the New Mexico Supreme court denied the petition. [Doc. 10, Ex. J.]

### Analysis

11. Section 2254(d) was amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which "increase[d] the deference to be paid by the federal courts to the state court's factual findings and legal determinations." Houchin v. Zavaras, 107 F.3d 1465, 1470 (10th Cir. 1997). This case was filed after the effective date of the 1996 AEDPA amendments to 28 U.S.C. § 2254, and thus, AEDPA deference is applicable. Subsection (d), as amended, provides that a writ of habeas corpus:

> Shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim –

5

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Accordingly, a federal court is precluded from granting habeas relief on any claim adjudicated on the merits by the state courts, unless the proceeding resulted in a decision that was contrary to or involved an unreasonable application of clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d); Smallwood v. Gibson, 191 F.3d 1257, 1264-65 (10th Cir. 1999), *cert. denied*, 531 U.S. 833, 121 S.Ct. 88 (2000).

12. Moreover, "[f]ederal habeas courts do not sit to correct errors of fact or to relitigate state court trials. Our jurisdiction is limited to ensuring that individuals are not imprisoned in violation of the Constitution." Thompson v. Oklahoma, 202 F.3d 283 (Table, text in Westlaw), No. 98-7158, 2000 WL 14404, at *6 (10th Cir. Jan.10, 2000), *cert. denied*, 530 U.S. 1265, 120 S.Ct. 2725 (2000).

13. The Tenth Circuit Court of Appeals recently provided this additional explanation:

> Under § 2254(d)(1), a federal court may grant a writ of habeas corpus only if the state court reached a conclusion opposite to that reached by the Supreme Court on a question of law, decided the case differently than the Supreme Court has decided a case with a materially indistinguishable set of facts, or unreasonably applied the governing legal principle to the facts of the petitioner's case. 'Under § 2254(d)(1)'s unreasonable application clause . . ., a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, the application must also be unreasonable.' 'In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's

>application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court.' AEDPA also requires federal courts to presume state court factual findings are correct, and places the burden on the petitioner to rebut that presumption by clear and convincing evidence.

Sallahdin v. Gibson, 275 F.3d 1211, 1221-22 (10th Cir. 2002) (*relying on* 28 U.S.C. § 2254(e)(1)).

14.     Here, the very issues set forth in Gurule's federal habeas petition were considered and rejected by the New Mexico Court of Appeals and the New Mexico Supreme Court. After examination of the pertinent portions of the state record, the Court of Appeals issued a thorough, well reasoned proposed affirmance and subsequent memorandum opinion. The federal habeas court is required to give deference to the state court's determinations, particularly when those determinations are based on the merits. Indeed, even if the New Mexico Court of Appeals had issued a summary affirmance or a less than fully reasoned decision, that determination could still be upheld as long as it was reasonable or "minimally consistent with the facts and circumstances of the case." Aycox v. Lytle, 196 F.3d 1174, 1177-78 (10th Cir. 1999) (*citing* Schaff v. Snyder, 190 F.3d 513, 523 (7th Cir. 1999)).

### A.     *Sufficiency of the Evidence: Conviction for Possession of Heroin*

15.     With respect to a challenge to the sufficiency of the evidence, clearly established federal law provides that the court review the record as a whole and consider the evidence in the light most favorable to the prosecution. The pertinent inquiry is whether the evidence is such that any reasonable jury could find the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 317, 99 S.Ct. 2781 (1979); United States v. Hien Van Tieu, 279 F.3d 917, 921-22 (10th Cir. 2002). In reviewing the evidence, the court does not weigh conflicting evidence or consider witness credibility as those were duties delegated to the jury. Hien Van Tieu, 279 F.3d at 921.

Although citing to state law, the New Mexico Court of Appeals applied this same standard to Gurule's insufficiency of evidence claim. [Doc. 10, Ex. H, p. 2.]

16. Here, in viewing the evidence[2] in the light most favorable to the government, the Court cannot say that the state court was unreasonable in discounting Gurule's arguments as to witness credibility and in finding that there was sufficient evidence, through testimony of Monique and Gurule's co-defendant, to support the conviction of possession of heroin. Based on the evidence presented, Gurule cannot establish that a rational trier of fact would never have found him guilty, beyond a reasonable doubt, of possession of heroin. In addition, Gurule did not come forward with any new grounds related to his insufficiency of the evidence claim, nor did he identify any portions of the state court record that would have further supported his position. Moreover, Gurule did not provide any support for the argument that the Court of Appeals' decision was contrary to, or involved an unreasonable application of, clearly established federal law.

17. In giving the state court the appropriate post-AEDPA deference that is required by § 2254, the Court recommends finding that the state court's adjudication of the sufficiency of evidence claim did not result in any decision that was contrary to or involved an unreasonable application of clearly established federal law. Similarly, the Court finds that the state decision was not based on any unreasonable determination of the facts in light of the pertinent evidence discussed by the parties and state court.

---

[2] A review of the entire state court record may be necessary at times to decide a habeas issue, particularly where the state court did not articulate its reasoning for its decision. *See* Aycox v. Lytle, 196 F.3d at 1178. However, depending on the nature of the habeas claim and in situations when the state court did set forth its reasoning, a district court may have enough facts before it to resolve a habeas matter without reviewing the entire record. Pierce v. Lucero, No. 99-2219, 1999 WL 1101251 (10th Cir. Dec. 6, 1999), *cert. denied*, 529 U.S. 1111 (2000). *See also* Malsh v. Hanslmaier, 102 F.3d 69, 70 (2d Cir. 1996) (finding no *per se* rule that a court reviewing a sufficiency of the evidence claim on a habeas petition must review the entire state court trial record).

### B.     *Alleged Erroneous Jury Instructions*

18.     Federal law indicates that Gurule faces a significant hurdle in attempting to overturn his conviction based on a claim of erroneous jury instructions. "The question in such a collateral proceeding is 'whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.'" Ellis v. Hargett, 302 F.3d 1182, 1186 (10th Cir. 2002) (internal citation omitted), *cert. denied*, 123 S.Ct. 1361 (2003). With respect to such a claim, the Tenth Circuit has further elaborated that:

> [a]s a general rule, errors in jury instructions in a state criminal trial are not reviewable in federal habeas corpus proceedings, 'unless they are so fundamentally unfair as to deprive petitioner of a fair trial and to due process of law.' Thus, the burden on a petitioner attacking a state court judgment based on a refusal to give a requested jury instruction is especially great because '[a]n omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law.'

Tyler v. Nelson, 163 F.3d 1222, 1227 (10th Cir. 1997) (internal citations omitted).

19.     Regarding this claim, Gurule's position appears to be that an alternative theory of guilt should not have been included in certain jury instructions because the alternative theory allowed the jury to determine guilt on the basis of acts that were not supported by the evidence. Gurule also seems to argue that some instructions may have caused confusion to the jury, because they were combined rather than issued separately. The Court of Appeals thoroughly considered Gurule's position and reviewed the jury instructions at issue, as well as the pertinent evidence. It concluded that the jury instructions were neither legally incorrect nor confusing. The jury was carefully and clearly instructed as to each different charge. [Doc. 10, Ex. H, p. 4.]

20. This Court will defer to the Court of Appeal's determination particularly because Gurule did not establish that any errors were made with respect to jury instructions, and secondly because there is no showing that any alleged error was so "fundamentally unfair as to deprive petitioner of a fair trial and to due process of law." Moreover, the court does not find that the state court's conclusions were erroneous or unreasonable. Thus, the Court of Appeals' decision is entitled to the deference accorded by 28 U.S.C. § 2254(d).

21. Accordingly, the Court finds that Respondents' Motion to Dismiss is well-taken and should be granted.

**Recommended Disposition**

22. That Respondents' Motion to Dismiss be granted [doc. 11] and that Gurule's petition be dismissed, with prejudice.

                                                  Lorenzo F. Garcia
                                                  Chief United States Magistrate Judge